**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 9, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Petitioner - Appellee,

v.

HECTOR HINOJOSA GONZALEZ,

    Defendant - Appellant.

No. 21-1163
(D.C. No. 99-cr-300-MSK-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

This matter is before us on Hector Gonzalez's appeal from the denial of his motion

for a reduction of his sentence, pursuant to the First Step Act of 2018, and his motion for

compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).  Also before us is a

motion to withdraw filed by Gonzalez's counsel, accompanied by a brief pursuant to

*Anders v. California*, 386 U.S. 738 (1967).  We DISMISS Gonzalez's appeal and

GRANT counsel's motion to withdraw.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

On March 26, 2001, Gonzalez was convicted by a jury of three drug-trafficking-related offenses. Specifically, Gonzalez was convicted of:

> **Count 1:** 21 U.S.C. § 846, 841(a)(1), (b)(1)(A), Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substance-50 grams or more of cocaine-base; 5 kg or more of cocaine; 500 grams or more of Methamphetamine;
>
> **Count 6:** 21 U.S.C. § 846, 841(a)(1), (b)(1)(A), Distribution and Possession with the Intent to Distribute More Than 50 Grams of Methamphetamine; [and]
>
> **Count 29:** 21 U.S.C. § 843 (b), (d), Use of Communications Facility to Facilitate the Commission of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substance.

ROA, Vol. I at 2.

The trial court sentenced Gonzalez to 612 months (51 years) on Count One, 481 months (40 years) on Count 6, and 48 months (4 years) on Count 29, all to run concurrently. *Id.* at 14. In doing so, the trial court adopted the Probation Office's calculation of the drug quantities involved as being 1,863 grams of methamphetamine, 939 grams of cocaine, 53 grams of cocaine base, and 19,441 grams of marijuana. *Id.* at 66. The converted drug equivalency was roughly 5,000 kilograms, and Gonzalez's counsel at sentencing conceded that to be the appropriate range. *Id.* The trial court also determined that Gonzalez was subject to five additional levels due to specific offense characteristics, two additional levels due to the use of firearms and three additional levels for Gonzalez's status as a manager of the conspiracy. *Id.* at 67–69. With an Offense Level of 39 and a Criminal History category of VI, the Sentencing Guidelines

recommended a sentence of 360 months to life imprisonment, and Gonzalez's 612-month sentence was midway in that range. *Id.* at 73–75. Gonzalez appealed his conviction and sentence, and this court affirmed. *United States v. Hinojosa Gonzalez*, 68 Fed. App'x 918 (10th Cir. 2003).

On August 25, 2020, counsel filed a motion to reduce Gonzalez's sentence pursuant to the First Step Act. ROA, Vol. I at 13–27. On September 14, 2020, the Government responded to that motion, objecting to the requested relief. *Id.* at 89–105. On March 3, 2021, counsel also filed a compassionate release motion for Gonzalez. ROA, Vol. V at 50–63.

On April 20, 2021, the district court denied both motions. ROA, Vol. I at 106–23. Regarding the First Step Act, the district court acknowledged that Gonzalez was convicted of a "covered offense" and was eligible for a reduction of his sentence under the First Step Act. *Id.* at 110–11. The district court then analyzed the offense with the applicable sentencing range that the Sentencing Guidelines recommended. *Id.* The district court determined, and counsel confirmed, that pursuant to U.S.S.G. § 2D1.1(c)(4), the converted drug weight resulted in an Offense Level of 32, two levels lower than the trial court concluded under the Guidelines in effect in 2001. *Id.* at 22–23, 113–14. With an adjusted Offense Level of 37 (including the additional five levels for offense specific characteristics) and a Criminal History category of VI, a recalculation of Gonzalez's sentencing range under the current Guidelines resulted in the same range applied at his 2001 sentencing—360 months to life imprisonment. *Id.* at 114. The district court

therefore concluded that Gonzalez's midrange 612-month sentence on Count One was appropriate in 2001 and remains appropriate today. *Id.*

The district court then addressed Gonzalez's rehabilitation and age in its analysis of the 18 U.S.C. § 3553(a) sentencing factors. *Id.* at 114–15. While Gonzalez essentially conceded that the Guidelines recalculation offered him no relief, he maintained that the district court should nevertheless reduce his sentence because he had both availed himself of educational opportunities while incarcerated and presented a low risk of recidivism due to his advancing age. *Id.* The district court noted that rehabilitation and age were just two considerations under § 3553(a), and the other factors—need for just punishment, to promote respect for the law, and to deter others—remained unchanged. *Id.* at 115. The district court concluded that the sentencing court had appropriately considered all of the § 3553(a) sentencing factors when determining Gonzalez's sentence and it saw "no basis to undermine those considerations now." *Id.* at 116. Accordingly, the district court exercised its discretion and denied Gonzalez's motion to reduce his sentence pursuant to the First Step Act.

The district court also ruled on Gonzalez's motion for compassionate release by first outlining the three-step analysis for compassionate release under 18 U.S.C. § 3582(c) and recent precedent in *U.S. v. McGee*, 992 F.3d 1035 (10th Cir. 2021). *Id.* at 116–17. A district court may grant a motion for reduction of sentence if three requirements are met: "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

4

(3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *McGee,* 992 F.3d at 1042.  The district court determined that even assuming Gonzalez's medical conditions (Hepatitis C and degenerative arthritis) placed him at a greater risk for COVID-19 complications, Gonzalez was not safer out of custody than in custody, and therefore it could not find extraordinary and compelling circumstances which would support his release.  *Id.* at 118–19.  Despite the lack of extraordinary and compelling circumstances, the district court still analyzed Gonzalez's motion under the § 3553(a) sentencing factors and again found that "those factors favoring continued incarceration outweigh those factors favoring release."  *Id.* at 120–22.

After appeal to this court, Gonzalez's counsel moved to withdraw pursuant to *Anders v. California*.  Gonzalez responded to his counsel's *Anders* brief; the government agreed with Gonzalez's counsel and declined to file a response brief.

## II

An attorney may withdraw from a case on appeal when, after "conscientious examination," she has found an appeal to be "wholly frivolous."  *Anders*, 386 U.S. at 744.  A motion to withdraw pursuant to *Anders* must be accompanied by a brief referring to "anything in the record that might arguably support the appeal."  *Id.*  The defendant-appellant must be provided a copy of the brief and allowed time to respond. *Id.*  "[T]he court . . . then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."  *Id.*  If the court determines that the appeal is frivolous, "it may grant counsel's request to withdraw and dismiss the appeal."  *Id.*

5

### A.    Sentence Reduction

Counsel asserts that any challenge to the district court's exercise of its discretion in denying a reduction of Gonzalez's sentence would be frivolous.  We agree.

Section 404(b) of the First Step Act authorizes courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, 132 Stat. 5222 (2020).  Section 404(c) further explains that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *Id.*  Additionally, because the First Step Act only allows for the modification of sentences, and not plenary resentencing, we review "not the propriety of the sentence itself, but the propriety of the district court's grant or denial of the motion to reduce the sentence."  *United States v. Mannie*, 971 F.3d 1145, 1155 (10th Cir. 2020).  We review that decision only for abuse of discretion.  *Id.*; *see also United States v. Brown*, 974 F.3d 1137, 1142 (10th Cir. 2020) (holding that "the plain text of the sentencing provisions gives the court discretion over whether to apply the Fair Sentencing Act at all").  The First Step Act "does not provide guidance on what a court should consider in exercising its discretion or the scope of its analysis in exercising that discretion."  *Brown*, 974 F.3d at 1142.  A district court must, however, "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  *Mannie*, 971 F.3d at 1157 (quoting *Rita v. United States*, 551 U.S. 338, 356, (2007)).

We see no non-frivolous basis for challenging the district court's exercise of its discretion in denying Gonzalez relief under the First Step Act. To start its analysis, the district court properly considered the "minimum drug quantity associated with [Gonzalez's] offense of conviction, rather than his underlying conduct, to impose a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *United States v. Broadway,* 1 F.4th 1206, 1211 (10th Cir. 2021) (citing First Step Act § 404(b)) (internal quotations omitted). The district court correctly concluded after recalculating Gonzalez's sentencing range under the Fair Sentencing Act that his Guidelines range did not change. ROA, Vol. I at 114. The district court then determined that the § 3553(a) sentencing factors, on balance, did not warrant a reduced sentence. *Id.* at 114–16. Specifically, the district court reasoned that the sentencing judge likely considered that Gonzalez would undergo rehabilitation efforts and he would certainly age while in custody. *Id.* But rehabilitative efforts and the need to protect the public against recidivism by Gonzalez were only two of the § 3553(a) factors, and the district court observed that Gonzalez was "not [an] ordinary offender[]" when sentenced. *Id.* at 115. Gonzalez had a lengthy criminal record and previously had served repeated terms of incarceration, apparently with no rehabilitative effect, and the district court was "confident" that the sentencing judge considered those issues when deciding upon Gonzalez's sentence. *Id.* We conclude that the district court clearly "considered the parties' arguments" and provided a "reasoned basis" for exercising its discretion. *Mannie*, 971 F.3d at 1157.

In his response to his counsel's motion to withdraw, Gonzalez also asserts that the district court erred when it adopted the sentencing court's finding of his Criminal History category of VI. In particular, Gonzalez contends that "one felony conviction of the state of California that was used for the government to add 3 points in [his] criminal history . . . is inappropriate today." Gonzalez's Response, at 2. This argument, however, was not raised in the district court, and instead Gonzalez's counsel acknowledged and rejected this contention on two occasions. First, in Gonzalez's motion for relief pursuant to the First Step Act, counsel "analyzed and [found] no reason to dispute the criminal history points of 13 or criminal history category VI." ROA, Vol. I at 22–23. Second, in Gonzalez's motion for compassionate release, counsel recognized that Gonzalez "believes that his criminal history is overstated" because "a 1986 conviction for receiving stolen property was listed as a felony when in fact it was reduced to a misdemeanor." ROA, Vol. V at 59. Counsel concluded that while this reduction may be personally important to Gonzalez, it "does not impact the 3 criminal history points assigned per USSG § 4A1.1(a) because the sentence of 16 months exceeded 1 year and 1 month." *Id.* Even overlooking the fact that Gonzalez did not raise this issue at the district court, we discern no error in the sentencing court's Guidelines calculation and agree that it has no merit.

## B.    Compassionate Release

Counsel's *Anders* brief correctly states that the district court did not abuse its discretion in denying compassionate release. The district court followed the appropriate three-part analysis from *McGee*: It found that Gonzalez's age and medical conditions

8

made him more susceptible to severe COVID-19 complications, but it was unwilling to find extraordinary and compelling circumstances because, in the court's discretion, the risk of COVID-19 infection and complications exists both inside and outside the facility. ROA, Vol. I at 119–21. In reaching this determination, the district court relied upon the decline in positive cases at Gonzalez's FCI Beaumont facility, the inability to prevent exposure in the community, and the fact that "the Bureau of Prisons has a constitutional obligation to provide [Gonzalez] with adequate care during his incarceration." *Id.* at 120–21. If Gonzalez contracts COVID-19 while in prison, he is assured treatment from facility medical staff; but if Gonzalez was released, "it is not clear what degree of medical care he could obtain in the community." *Id.* at 120. Although no extraordinary or compelling circumstances were found to support compassionate release, the district court still conducted another § 3553(a) analysis. The district court acknowledged Gonzalez's age, medical conditions, and rehabilitation but also relied on the severity of the offense, lengthy criminal history, and service of less than 40% of his sentence. *Id.* at 121. The district court ultimately concluded that although the pandemic and Gonzalez's medical conditions were unforeseen at sentencing, those factors when considered with all of the § 3553(a) factors were insufficient to justify a sentence reduction. *Id.* We again see no non-frivolous basis for challenging the district court's exercise of its discretion in denying Gonzalez's motion for compassionate release.

## III

Our independent review of the record found no non-frivolous grounds to support this appeal. Nor have we uncovered any other non-frivolous arguments for appeal. We thus DISMISS Gonzalez's appeal and GRANT counsel's motion to withdraw.

Entered for the Court

Mary Beck Briscoe
Circuit Judge